885 F.2d 867
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Larry YANCEY, Plaintiff-Appellant,
v.
The LOXCREEN COMPANY, INC., Defendant-Appellee.
 No. 89-1459.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 30, 1989.
Decided Sept. 6, 1989.
 
 Larry Yancey, appellant pro se.
 Alan Bruce Clarke, Ogletree, Deakins, Nash, Smoak & Stewart, for appellee.
 Before K.K. HALL, SPROUSE, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Larry Yancey brought this Title VII action against his former employer, The Loxcreen Company, in July 1988, claiming that he was dismissed for discriminatory or retaliatory reasons in 1978. The case was referred to a magistrate who recommended that the action be dismissed, both because it was time barred and because the complaint did not recite any facts upon which relief could be granted in violation of Fed.R.Civ.P. 8. The magistrate also recommended that the defendant's motion for Fed.R.Civ.P. 11 sanctions in the form of attorney's fees and expenses be granted. The magistrate informed Yancey of his right to object to the report and the consequences of failure to do so. Yancey did not object to the magistrate's report; the district court adopted the magistrate's recommendation, dismissed Yancey's claim, granted the motion for Rule 11 sanctions, and directed the defendant to submit an itemized list of attorney's fees and expenses. The defendant submitted the list, and the district court, after modifying the requested attorney's fees, awarded sanctions in the amount of $903.74. Yancey appealed.
 
 
 2
 Because Yancey failed to object to the magistrate's report and recommendation, he has waived appellate review of the district court's order dismissing the action and granting the defendant's motion for sanctions in an unspecified amount. Thomas v. Arn, 474 U.S. 140 (1985). However, Yancey did not waive his right of appellate review of the amount of sanctions awarded by the district court because the amount was not addressed in the report.
 
 
 3
 Rule 11 authorizes an award of sanctions in the form of attorney's fees and expenses when a filing is not well grounded in fact or existing law or a good faith argument for reversal of existing law, or where it is filed for harassment or other improper purpose. Fed.R.Civ.P. 11. Further, a "district court's imposition of Rule 11 sanctions is ordinarily entitled to deference by this Court and may not be disturbed except for abuse of discretion." Stevens v. Lawyers Mutual Liability Insurance Co., 789 F.2d 1056, 1060 (4th Cir.1986). Yancey has filed four actions identical to this one in district court, and each has been dismissed. Further, this Court dismissed three appeals related to this claim. In the case of Larry Yancey, No. 87-3752 (4th Cir. Jan. 19, 1988) (unpublished); Yancey v. The Loxcreen Company, Inc., No. 85-1402 (4th Cir. Sept. 23, 1985) (unpublished); Yancey v. The Loxcreen Company, Inc., No. 83-2158 (4th Cir. June 22, 1984) (unpublished). The amount of fees awarded by the district court in this case was less than the amount sought by defendants and was clearly reasonable. Therefore, we find no abuse of discretion in the sanction awarded, and we affirm. Yancey's motions for summary reversal and for appointment of counsel are denied.
 
 
 4
 Finally, because Yancey's appeal is clearly frivolous, we grant Loxcreen's motion for double costs and attorney's fees. Fed.R.App.P. 38. Loxcreen is directed to file an itemized statement of costs and fees with the office of the Clerk of this Court within 20 days.
 
 
 5
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 AFFIRMED.